**Jack F. MATNEY, Plaintiff,**

v.

**FIRST PROTECTION LIFE
INSURANCE COMPANY
et al., Defendants.**

**Civ. A. No. 76–0658.**

United States District Court,
W. D. Virginia,
Abingdon Division.

March 11, 1977.

Robert T. Copeland, Smith, Robinson & Vinyard, Abingdon, Va., for plaintiff.

Frederick C. Boucher, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for defendants.

OPINION

GLEN M. WILLIAMS, District Judge.

In September of 1973, the plaintiff, Jack Matney, purchased a 1974 Chevrolet pick-up truck from Modern Chevrolet Sales, Inc.

Pursuant to that transaction, he applied for credit accident and health insurance. A policy was issued in plaintiff's name by the defendants, and a premium of $232.63 was paid at the time of the truck purchase. A second policy was issued by the defendants, effective October 24, 1975, upon the payment of an additional premium of $268.53. This second policy had a term of thirty-six months and was payable in monthly installments, in the event that the insured became

> wholly and continuously disabled . . . as a result of (a) injuries sustained during the Term or (b) sickness contracted and commencing more than fourteen days after the effective date.

(Exhibit "B").

In his complaint, the plaintiff alleges that he became disabled from pneumoconiosis in September of 1975 but that the defendant insurance company rejected his claims for disability benefits under the policy. The plaintiff further alleges that the failure of the defendants to pay the claim was an omission perpetrated "willfully, fraudulently, intentionally and in bad faith." The complaint prays for judgment in the amount of $8,000.00 in compensatory damages and for $80,000.00 in punitive damages for the willful breach of the contract of insurance.

Both defendants filed motions to dismiss on the ground that the court lacks subject matter jurisdiction over the suit. The defendants also filed a motion for partial summary judgment dismissing the claim for punitive damages, and in support of this motion, the defendant Robert P. Macklen (a vice-president of First Protection Life Insurance Company) filed an affidavit. During the arguments on these motions, counsel for both sides concurred in the court's suggestion that if the motion for partial summary judgment was granted, dismissing the claim for punitive damages, the court would not have subject matter jurisdiction over the remaining claim for $8,000.00 in compensatory damages.

■ In a memorandum submitted in support of their motions, the defendants contend that punitive damages are not availa-ble in Virginia in ordinary contract actions. A review of the authorities reveals that the Supreme Court of Virginia has never allowed punitive damages to be awarded in a contract action. However, on one occasion, that Court has stated that punitive damages may be available in certain actions derived from contractual disputes. In *Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855 (1956), the court considered an action for compensatory and punitive damages based on the breach of a contract for property management. While the court in *Wright* refused to allow an award for punitive damages, the refusal was based on the court's conclusion that the actions of the broker amounted to no more than negligence. However, the court's statements clearly reflect concurrence with the general rule that punitive damages would be available where the breach of contract amounted to an independent willful tort, due to malicious, wanton or oppressive behavior by the breaching party. The court stated:

> However, the evidence for plaintiffs is insufficient to prove any element of bad motive, or fraud, or that defendant acted in a manner so wanton or oppressive, or with such recklessness as implied a spirit of mischief or criminal indifference to the rights of plaintiffs. Therefore, defendant is liable to plaintiffs for compensatory damages only;

197 Va. 608, 616, 90 S.E.2d 855, 860. Based on the dicta in *Wright*, this court concludes that punitive damages are available in contract actions where a plaintiff properly alleges malice, fraud, or such wanton or oppressive behavior as to amount to criminal indifference.

This court has previously reached such a conclusion. In *National Homes Corporation v. Lester Industries, Inc.*, 336 F.Supp. 644 (W.D.Va.1972), it was stated that,

> under Virginia law, it may be said that exemplary damages for breach of contract are not recoverable except "in those exceptional cases where the breach amounts to an independent, wilful tort." *Wright*, 197 Va. at p. 615, 90 S.E.2d at p. 860.

336 F.Supp. at 647. The Eastern District of Virginia has also relied on *Wright* for the same general statement, *i. e.*, that punitive damages are available for a breach of contract when accompanied by malice, bad faith, or reckless disregard for the rights of others. *Material Handling Industries, Inc. v. Eaton Corp.*, 391 F.Supp. 977, 981 (E.D. Va.1975). Accordingly, the allegations in the instant complaint, *i. e.* that the rejection of the plaintiff's claims for the policy benefits was done willfully, fraudulently, intentionally and in bad faith, are sufficient to support the prayer for punitive damages.

■ However, this conclusion does not end the court's inquiry. The defendants have moved for summary judgment dismissing the claim for punitive damages and have supported that motion with an affidavit by Robert P. Macklen. This affidavit stated that the denial of the plaintiff's claims was made in reliance on a contractual provision which excluded coverage of disabilities arising prior to the commencement of a policy. In other words, the affidavit refutes the plaintiff's allegations of fraud and bad faith and specifically states that the rejection of the claims was made "in accordance with standard claim review practice." Hence, at this point, a new issue is raised: when a defendant by affidavit effectively refutes essential allegations in the plaintiff's complaint, can that plaintiff stand on his complaint for purposes of a motion for summary judgment by the defendant?

■ A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The purpose of a summary judgment motion is to pierce the allegations of the pleadings, to show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. 6 J. Moore, *Federal Practice*, ¶ 56.11[3] (2d ed. 1976). In 1963, Rule 56(e) was amended (specifically to cover the instant situation) by the addition of the following sentences:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e); *see generally* 6 J. Moore, *Federal Practice*, ¶ 56.22[2] (2d ed. 1976). In the case at bar, the defendants have supported their motion for summary judgment on the issue of punitive damages with an affidavit effectively refuting the essential allegations of bad faith and willfulness. Although faced with this motion, the plaintiff has not come forward with affidavits (or any other response permitted under Rule 56) to show that a genuine issue still remains. Accordingly, this court finds that there is no genuine issue of material fact relating to the reasons behind the defendant's denials of plaintiff's claims; the allegations of bad faith and fraud are no longer in issue in this case. The motion for partial summary judgment is granted and the claim for punitive damages is dismissed. *Accord, Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Foy v. Norfolk & Western Ry. Co.*, 377 F.2d 243 (4th Cir.1967), *cert. denied* 389 U.S. 848, 88 S.Ct. 74, 19 L.Ed.2d 117 (1967); *Johnson v. McKee Baking Co.*, 398 F.Supp. 201 (W.D.Va.1975).

After a dismissal of his claim for punitive damages, plaintiff is left with a prayer for $8,000.00 in compensatory damages for breach of contract. Since the court's jurisdiction over this cause of action is grounded on diversity of citizenship, the requirements of 28 U.S.C. § 1332 as to the amount in controversy must be met. As this case does not involve damages in excess of $10,000.00, this court does not have jurisdiction. Therefore, the defendants' motions to dismiss must be granted.

In accordance with this opinion, an order will be entered granting the defendants' motion for partial summary judgment and their motions to dismiss the case for lack of subject matter jurisdiction.