**Stanley M. VICKHOUSE**

v.

**FIDELITY BOND AND MORTGAGE COMPANY, etc.**

Civ. A. No. 80–0242–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 9, 1981.

Everette G. Allen, Jr., Matthew N. Ott, James F. Pascal, Richmond, Va., for plaintiff.

Benjamin C. Ackerly, J. A. Lucas, Richmond, Va., for defendant.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

In this action involving a breach of an employment contract, plaintiff claims in Count III that defendant wilfully, wantonly, and maliciously refused to pay plaintiff sums due to him under the employment agreement. Defendant has filed a motion for partial summary judgment on the issue of punitive damages. The motion is GRANTED.

■ Under the law of Virginia, which is controlling in this diversity action, recovery of punitive damages in breach of contract actions is permitted only "in those exceptional cases where the breach amounts to an independent, wilful tort...." *Wright v. Everett*, 197 Va. 608, 615, 90 S.E.2d 855, 860 (1956). The parties have not cited a Virginia case in which a plaintiff actually recovered punitive damages for breach of contract. As an apparent result of the lack of authority in the breach of contract context, the parties have referred the Court to the standard for recovery of punitive damages in ordinary tort actions as an indication of the standard of proof in a contract action. That rule is aptly set forth in *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 686, 152 S.E.2d 271, 277 (1967):

> Where punitive damages are asked there must be proof of actual or express malice. (Citations omitted). Actual malice is an essential and controlling factor for the recovery of punitive damages. Evil intent cannot be presumed or inferred from mere mistake.

> The general rule is well stated in 54 C.J.S. Malicious Prosecution § 84, pages 1056, 1057:

> .    .    .    .    .

> "in order to recover exemplary or punitive damages, [plaintiff] must show that defendant acted with actual malice, in the sense of personal ill will, or under circumstances of insult, rudeness, or oppression, or in a manner showing reckless

and wanton disregard of plaintiff's rights. Also actual malice must be shown by evidence especially addressed to this question; it cannot be inferred from a showing of want of probable cause."

Plaintiff concedes that to be entitled to punitive damages for breach of contract, he must show at least "actual or express malice." In fact, under *Wright v. Everett, supra,* it appears that plaintiff must also show that "the breach amounts to an independent, wilfull tort."[1] It is plaintiff's contention, nonetheless, that summary judgment on the issue of punitive damages would be inappropriate at this juncture of the case because there is a genuine dispute between the parties with respect to the reasons for defendant's breach of the employment contract. This may well be true. There are, however, no facts before the Court to support the claim that defendants committed "an independent wilfull tort" with conduct which was "wanton, malicious, oppressive, and constitute[d] reckless disregard for [plaintiff's] rights." Indeed, the record merely sets forth a run-of-the-mill breach of contract claim. The allegations do not support "an independent, wilfull tort."

It is especially significant that plaintiff had three opportunities to set forth facts supporting his claim that defendant in an independent tort acted maliciously and with ill will toward him, but he has failed to provide such information. In defendant's First Interrogatories, plaintiff was asked to

identify with specificity all facts or applications of law to fact supporting or relating to the allegations in Paragraph 24 of the Complaint that the alleged acts of Fidelity Bond were "wanton, malicious, oppressive, and constitute[d] reckless disregard for Vickhouse's rights," and that Fidelity Bond is liable to Vickhouse for punitive damages. (Interrogatory One).

Plaintiff responded simply that defendant had breached the employment contract;

that defendant had taken the position that nothing was due plaintiff under the contract; that defendant had failed to give an explanation for this position; that defendant had refused to explain how it calculated certain financial factors set forth in the employment agreement; that defendant charged without explanation warehousing fees against plaintiff as an operating expense; and that defendant refused to provide plaintiff with financial data that would enable plaintiff to calculate amounts due to him under the employment agreement. Plaintiff specifically stated that "[he] cannot and will not speculate as to [defendant's] motivations or purposes in [taking the position that nothing was due plaintiff under the terms of the employment contract]."

It is plaintiff's contention that a full and fair reading of the answer reveals that plaintiff has supplied defendant with facts to support his position that defendant acted in a "conscious and intentional" manner. One breaching a contract generally acts in a conscious and intentional manner. Such gives rise only to contract damages. Plaintiff's answer to Interrogatory One contains no *facts* tending to show " 'that defendant acted with actual malice, in the sense of personal ill will, or under circumstances of an insult, rudeness, or oppression, or in a manner showing reckless and wanton disregard of plaintiff's rights.' " *Giant of Virginia, Inc. v. Pigg, supra,* 152 S.E.2d at 277, quoting 54 C.J.S. *Malicious Prosecution* § 84.

In his response to the motion for partial summary judgment, plaintiff had a second opportunity to state by affidavit or otherwise facts which would tend to show that defendant acted with actual malice toward plaintiff. Instead, plaintiff responded as follows:

1. Fidelity refused to respond to Vickhouse's numerous inquiries relating to his request for Fidelity's method of calculating financial factors;

---

1. Ideally, it would seem that under *Wright v. Everett, supra,* plaintiff should not simply allege a count for punitive damages for breach of contract, but should include a separate count

setting forth defendant's conduct alleged to be "an independent, wilfull tort," thus giving rise to a claim for punitive damages.

2. Fidelity unilaterally charged fees to Vickhouse and upon Vickhouse's reasonable inquiry questioning such unilateral action, Vickhouse was met with total indifferences; and

3. Fidelity refused to supply Vickhouse with any information relating to the question of fees, charges and calculation until after contract termination and Vickhouse retained counsel.

Plaintiff's Responsive Brief, at 2. Assuming these facts are true, nothing in them suggests that the breach of contract in this case "amounts to an independent, wilfull tort." *Wright v. Everett, supra*, 90 S.E.2d at 860.

Finally, plaintiff's deposition was taken on 27 February 1981, at which time plaintiff was given a third opportunity to specify facts upon which he will rely at trial to show an independent tort accompanied by express or actual malice. During the deposition, the following colloquy took place between defense counsel and plaintiff:

Q. Is it your testimony then, sir, that for whatever reasons, be they good reasons, bad reasons, sound reasons or unsound business reasons, that the Virginia operations were curtailed or were terminated and that this caused you a great deal of financial hardship, but that this decision was made by Fidelity as a business judgment, even though it may have been an improper business judgment, and not because of any malice they bore you or any of the other branch managers?

A. That was the way it was relayed to me.

Q. That is your belief at the present time?

A. I believe that, yes.

Plaintiff's Deposition at 5. Plaintiff further stated in his deposition that he knew of no one in the defendant company that bore any personal ill will or malice towards him. *Id.* at 3. Plaintiff also intimated that the decision to terminate the Virginia branches of the defendant company and to terminate plaintiff's employment was a result of a chaotic business situation within the company, and not because of any malice towards plaintiff. *Id.* at 3–5.

With discovery in full swing, plaintiff has taken the position that he "cannot and will not speculate as to [defendant's] motivations or purposes in [terminating plaintiff's employment contract and in taking the position that plaintiff is due nothing under the terms of the contract]." At this juncture of the case, plaintiff should not only be able to speculate, but should also be able to specifically state the "motivations or purposes" for defendant's actions if he intends to recover punitive damages as a result thereof. Otherwise, plaintiff can successfully thwart the discovery process by waiting until trial to reveal the basis for his punitive damages claim. As a policy matter, the Court cannot permit this. Plaintiff has been given three opportunities to set forth facts which would support his claim that defendant acted with malice and ill will toward him. He has failed to do so in each instance. The Court believes that three chances are enough.

An additional reason for the Court's decision is that plaintiff has failed to comply with Fed.R.Civ.P. 56(e) which provides in pertinent part as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*See generally* C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2739 (1973).

In support of its motion for summary judgment, defendant has submitted plaintiff's answers to interrogatories and deposition, both of which show that there are no facts to support plaintiff's claim for punitive damages. In his response, plaintiff failed to set forth by affidavits or otherwise "specific facts showing that there is a genuine issue for trial." As a consequence, en-

1099

try of summary judgment against plaintiff is appropriate under Rule 56(e). Accord, *Matney v. First Protection Life Ins. Co.*, 73 F.R.D. 696, 698 (W.D.Va.1977).

Accordingly, there being no facts to indicate that this is one of those "exceptional cases where the breach amounts to an independent, wilfull tort," JUDGMENT shall be entered for defendant on the issue of punitive damages.

And it is so ORDERED.