# CIRCUIT COURT OF ROCKINGHAM COUNTY

Ronnie Tucker

v.

Don Farley,
Sheriff, et al.

### October 16, 1997

### Case No. (Law) 11092

BY JUDGE JOHN J. MCGRATH, JR.

The plaintiff in this action, who was allegedly operating as a confidential informant for a regional drug task force, has filed an action against the Sheriff of Rockingham County and a Sergeant employed by the Sheriff who was assigned to the task force.

According to the allegations in the Motion for Judgment, Sgt. Wittig and another officer, in the course of "handling" the plaintiff as a confidential informant, allegedly gave the plaintiff permission to take possession of certain firearms even though Sgt. Wittig allegedly knew at the time he granted such permission that the confidential informant was a convicted felon (having been previously convicted of attempted murder and perjury).

The essence of the Motion for Judgment is set forth clearly and succinctly in Paragraphs 7 and 12 of that pleading:

7. Defendants Wittig and Farley had a fiduciary relationship with Tucker in that defendants demanded of Tucker, using their authority as police officers, to do and say exactly what the defendants told him to do and say.

12. On or about May 25, 1997, Tucker was arrested by the Harrisonburg Police Department for possession of a firearm after being declared a felon.

After the Harrisonburg Police Department procured a warrant for a felony arrest of the plaintiff, a preliminary hearing was conducted before the General District Court on August 1, 1997. During that hearing, according to the transcript of the hearing that was submitted by the plaintiff as part of his response to the defendant's Demurrer and Grounds of Defense, there was significant dispute concerning exactly what had been told to the plaintiff in this case. Under any variant of the testimony, it appears to be clear that the plaintiff was, at a minimum, given permission to take possession as part of his business as a tow truck operator certain weapons that were located in a vehicle which was impounded upon his lot.

The defendants have filed a Demurrer challenging the Motion for Judgment for failure to state a claim under the applicable law. The essence of the defendants' Demurrer is that there is no obligation created by law, either statutory or case law, which establishes a fiduciary duty between a police department and a confidential informant. Therefore, the defendant argues that there is no basis in contract for the action. Secondly, the Demurrer is based upon the fact that the Motion for Judgment asks for $250,000.00 in punitive damages and that punitive damages are not permissible in a contract action. *See, e.g., Wright v. Everett*, 197 Va. 608 (1956); *Matney v. First Protection Life Ins. Co.*, 73 F.R.D. 696 (W.D. Va. 1977).

Although repeatedly asked to provide authority citing any case or statute in Virginia or any other jurisdiction in which it has been held that a police officer or a police department owes a fiduciary duty to a confidential informant who is working for the police department, the plaintiff has not cited a single case from Virginia or any other jurisdiction supporting this allegation. Not only does it appear counterintuitive that a police department or law enforcement authority would owe a fiduciary duty to the numerous confidential informants that they generally have operating for them, but the entire relationship lacks any of the indicia of a fiduciary relationship. At most, it is normally a relationship of completely opposed interests with the confidential informant usually operating for the police authorities in the hope of avoiding prosecution for various crimes and with the police department obtaining from people who generally operate "on the other side of the law" information that can be used in the prosecution of criminal offenses. Nothing in this relationship would indicate anything approaching a fiduciary relationship. *See, e.g., Nuckols v. Nuckols*, 228 Va. 25 (1982), and *Kitchen v. Throckmorton*, 223 Va. 164 (1984).

In his opposition to the Demurrer, the plaintiff states *inter alia*:

3. Defendants attempted in their Demurrer, by repeated references to contract law, to pigeonhole the Motion for Judgment in some type of contract breach. This is erroneous. Plaintiff alleges willful, wanton, fraudulent, and deceitful conduct.

Embellishing upon this theory in oral argument, plaintiff's counsel stated that this was really not a "contract" action and did not really concern any "fiduciary duty," but was really an action for the intentional infliction of mental anguish. The plaintiff's argument was eloquent, but it had no relationship to the Motion for Judgment which was filed in this case.

It is clear to the Court that the Motion for Judgment as filed does not state any cognizable legal basis upon which plaintiff can proceed against the defendants in the action. There is no fiduciary relationship which would give rise to legally cognizable injury, and the Motion for Judgment fails to make the necessary averments required for a case based on the intentional infliction of mental anguish. Therefore, the Court sustains the Demurrer filed by the defendants and dismisses the Motion for Judgment.

Plaintiff will have twenty-one days from the date of this Order to file an Amended Motion for Judgment, if he desires to do so.