# SUPREME JUDICIAL COURT,

#### FOR THE

## COUNTY OF BRISTOL, OCTOBER TERM 1872, AT TAUNTON.

═══

#### PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT, } Justices.
Hon. SETH AMES,

---

## COMMONWEALTH vs. ENOS S. WILLIAMS.

For a conviction under the St. of 1862, c. 160, which provides for the punishment of any one who "wilfully or maliciously injures" a building, it is not enough that the injury was wilful and intentional, but it must have been done out of cruelty, hostility or revenge.

COMPLAINT to a trial justice under the St. of 1862, c. 160,* alleging that the defendant "unlawfully and maliciously did deface, injure and mar a certain building, to wit, Lovell's Hall, so called, the property of Isaac Lovell, by defacing the floor of said building with filthy matter."

---

\* "Whoever wilfully or maliciously injures, defaces, mars, or destroys, either in whole or in part, any dwelling-house or other building, whether upon the inside or outside, not being the owner thereof, and not having the right so to do, by virtue of any contract with the owner thereof, shall be liable," &c.

At the trial on appeal, in the Superior Court, before *Dewey*, J., there was evidence " that there were notices in the hall forbidding any person to spit tobacco juice on the floor ; that there were no spittoons in the hall ; that the defendant said, when told of objection to spitting on the floor of the hall, that ' he thought one had a right to spit on the floor of a hall where there were no spittoons ; ' that subsequent to this statement, during a the-atrical entertainment in the hall, the defendant spat tobacco juice from five to ten times on the floor; that the same was thereby defaced ; and that it required considerable labor to efface and remove the effects of the tobacco juice."

The defendant asked the judge to rule that, for the jury to be satisfied that the defendant was guilty of a malicious act, they must find that the injury was committed either out of a spirit of wanton cruelty or wicked revenge ; but the judge declined so to rule, and ruled " that if the act were done accidentally, thought-lessly, or carelessly, the defendant should not be found guilty ; but if it were done wilfully and intentionally, he having had his attention called to the matter, and the act was one whereby the building was defaced, marred or injured, though the injury was slight, the jury would be authorized to convict." The jury re-turned a verdict of guilty, and the defendant alleged exceptions.

*A. A. Austin*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

Colt, J. Malicious mischief or damage amounting to a crime is defined by Blackstone to be an injury done " either out of a spirit of wanton cruelty, or black and diabolical revenge." 4 Bl. Com. 244. This definition was approved and adopted in *Common-wealth* v. *Walden*, 3 Cush. 558, 561. The defendant was there indicted for wilfully and maliciously destroying the personal prop-erty of another, and it was held that the word maliciously, as used in the statutes relating to malicious mischief, was not suffi-ciently defined as the wilful doing of any act prohibited by law for which the defendant has no lawful excuse, but the jury must be satisfied that the injury was done out of a spirit of cruelty, hostility or revenge. This element must exist in all those injuries to real or personal property done wilfully and maliciously which

are enumerated and made criminal in the several statutes, among the more recent of which is the statute including the act charged in this indictment. The injury must not only be wilful, that is, intentional and by design, as distinguished from that which is thoughtless or accidental, but it must in addition be malicious in the sense above given. The wilful doing of an unlawful act without excuse, which is ordinarily sufficient to establish criminal malice, is not alone sufficient under these statutes. The act, although intentional and unlawful, is nothing more than a civil injury, unless accompanied with that special malice which the words " wilful and malicious " imply.

The distinction was called to the attention of the court in the instructions which were asked, and it was omitted in those which were given.       *Exceptions sustained.*