*Municipal Court of the City 'of Boston*

No. 16734

**NANCY S. PARRITZ**

v.

**FEDERAL MUTUAL INSURANCE COMPANY**

(May 13 — October 5, 1960)

*Present:* Riley, J. (Presiding), Fox and Glynn, JJ.

Case tried to *Adlow, C. J.*

*Fox, J.* The plaintiff brings this action to recover for loss sustained by her to certain household goods, as a result of vandalism, alleged to have been covered under the terms of an insurance policy dated February 20,

1957, and continuing to February 20, 1960.

All the material facts as reported by the trial judge may be summarized as follows: Sometime in October, 1959, the plaintiff's three and a half-year old son, without the knowledge or consent of the plaintiff, and at a time when the plaintiff and her family were asleep, moved a kitchen stool across the kitchen floor to a cabinet and by climbing upon the stool, said child opened said cabinet and obtained possession of a set of five bottles of food coloring, each bottle containing a different color, namely, red, green, blue, yellow and purple; that said child thereupon carried said bottles of food coloring to the living room, a distance of 15 feet, and poured contents of each bottle on the broadloom, slip covers and the living room couch, causing indelible, multi-colored stains and causing damage to said personal property of the plaintiff in the amount of $800.00.

The insurance policy in question contained the following provisions under the heading entitled PROVISIONS APPLICABLE ONLY TO SECTION I. "Coverage C. Personal Property on the Premises: All personal property owned, worn or used by the named insured and members of the named insured's family of the same household. This coverage applies only while such property is located on the premises of the described dwelling."

As part of the same section and under the

caption of, "Perils Insured Against", appears the following sub-section: "6. Vandalism and Malicious Mischief, excluding any loss if the building(s) had been vacant beyond a period of 30 consecutive days immediately preceding the loss."

The trial court found as a fact that the defendant did insure the plaintiff against loss by vandalism; that while the policy was in effect the plaintiff's child "intentionally poured indelible ink" upon certain household goods of the plaintiff, causing extensive damage to said property. Notwithstanding that the court ruled that the action of the child did not constitute vandalism.

The court found for the defendant and the plaintiff being aggrieved by this finding and the court's ruling and refusal to rule as requested by the plaintiff appeals to this court for further consideration.

There seems to be no dispute about the facts. The sole issue for determination is whether or not the act of the plaintiff's child constituted vandalism in the accepted meaning of the word.

In all the definitions adopted by the courts of various jurisdictions it is generally agreed that "in order to constitute vandalism, there must be a specific intent to injure or destroy the particular article involved . . ." *Great Am. Ins. Co. v. Dedmon,* 260 Ala. 330, 43 ALR 2nd 599. "Vandalism" is a wilful or ignorant destruction of artistic or literary

treasures, hostility to or contempt for what is beautiful or venerable. *Unkelesbee v. Homestead Fire Ins. Co.,* 41 A 2nd 168. (Mun. Ct. of App. for D.C.). Damages suffered as a proximate result of a wanton, unlawful act, done with reckless and gross disregard of the consequence, is sufficient to constitute vandalism. *Great Am. Ins. Co. v. Dedmon,* supra.

■ "As used in the policy in question ... we think the term (vandalism) refers to such wanton and malicious acts as are intended to damage or destroy the property insured." *Rich v. United Mutual Fire Insurance Co.,* 328 Mass. 733. The case of *Pintsopolous v. Home Ins. Co.,* 340 Mass. 734, was based on an action to recover on a policy insuring a bulldozer tractor against loss or damages from vandalism, malicious mischief and destruction caused by someone placing sand in the motor. The court said: "The plaintiffs had the burden of proof of showing that the loss was caused by vandalism, that is, by such wanton and malicious acts as are intended to damage or destroy the property insured."

■ These legal definitions, and the historical background of the term "vandalism", its common usage, and the reception of this word by lay people clearly indicates that an infant of the age of three and a half years is incapable of such wanton and malicious acts as are intended to damage or destroy the property insured. Aside from the above con-

siderations there are implications of aggression and hostility toward the owner of the property destroyed which cannot conceivably be identified with the acts of a mischievous child of tender years whose acts are committed while under the supervision and control of its parents. The parties to this contract of insurance obviously did not contemplate such coverage.

■ We rule, therefore, that the policy does not cover the instant occurrence.

*Report dismissed.*

Harold A. Parritz of Boston, for the Plaintiff.

Charles A. O'Brien of Boston, for the Defendant cited: As to definitions of "vandalism" and "malicious mischief": *C. v. Williams*, 110 Mass. 401; *C. v. Walden*, 3 Cush. 558; 4 Blackstone's Comm. 244; Jacob's Law Dictionary, by Tomlin: 48 N.M. 9 (Collision of autos caused by intoxicated driver — not); *Port Murray Dairy Co. v. Providence Washington Co.*, —— NJ —— Super. ——, 145 A2d 504; Appleman, Insurance, §3216.5.