Weygandt, C. J.
Was the plaintiff’s original judgment in this case discharged by the subsequent adjudication of the defendant as a bankrupt?
The journal entry of the Court of Appeals reads:
*338 “Judgment dismissing plaintiff’s proceedings in aid of execution and enjoining plaintiff from enforcing her judgment against the defendant for the reason that said judgment debt had been discharged in bankruptcy is reversed and final judgment for the plaintiff entered on said motion for the reason that the debt of the judgment as journalized by the trial court shows that it was the result of the defendant’s reckless, willful and wanton conduct, which was the proximate cause of her injury, and that said judgment debt is, therefore, not discharge-able in bankruptcy. See Section 3332, Remington on Bankruptcy, Vol. 8, Sixth Edition.”
Was this error?
Section 17 (a) (2) of the federal Bankruptcy Act (Section 35, Title 11, U. S. Code) reads in part as follows:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * #(2) are liabilities * * * for willful and malicious injuries to the person or property of another * *
The controlling question here presented is whether the requirement of “willful and malicious” conduct on the part of the defendant is met by the finding of the trial court that “the defendant has been guilty of reckless, willful and wanton conduct and has been guilty of carelessness and gross negligence.”
In its opinion the Court of Appeals made the following comment:
“In the instant case, the petition charges ‘that the defendant, who had been operating his automobile in a general easterly direction on East Memorial Shoreway, while in a highly intoxicated condition, and while under the influence of intoxicating liquor, carelessly, negligently, recklessly, willfully and wantonly drove his automobile over and across the center lane of such highway while going at an illegal and unlawful speed, to wit: 70 miles per hour, and ran into and collided with plaintiff’s automobile, thereby causing the injuries to plaintiff,’ which are set- forth at some length in said petition.
“The defendant-appellee did not file an answer to the petition, and consequently, in due course, judgment was entered against defendant-appellee by default * * *. There are certain *339 salient facts set forth in the pleadings, snch as (1) drunken driving, (2) traveling at a high and unlawful rate of speed, (3) crossing over the center line onto the wrong side of the road, which, considered in the aggregate, amount to willful and malicious misconduct.

66* * *

“It is our view, upon a careful consideration of the applicable law on this subject as applied to the facts set forth in the record, that defendant’s conduct was such that he may not sit idly by and permit a default judgment to be taken against him and then proceed to file a petition in bankruptcy for the purpose of discharging a debt so wantonly, willfully, maliciously and criminally incurred.
“We hold, therefore, that the debt incurred * * * [is] a nondischargeable liability for damage or injury and that the words ‘carelessness’ and ‘negligence’ may be regarded as surplusage. ’ ’
Is the cumulative effect of the allegations of the petition, the evidence adduced, and the language of the trial court’s journal entry such as to warrant the conclusion of the Court of Appeals that the conduct of the defendant came within the statutory requirement of being “willful and malicious” in order to render the debt nondischargeable in bankruptcy?
Was the trial court’s finding of “reckless, willful and wanton” conduct something less than “willful and malicious” conduct? How similar are the adjectives “wanton” and “malicious” in their connotation? In Webster’s Dictionary one definition of “maliciousness” is “wantonness, or disregard of other’s rights.” Likewise, one of its definitions of “wanton” is “malicious.”
In its opinion the Court of Appeals quoted with approval the following pertinent excerpt from 8 Eemington on Bankruptcy (6 Ed.), 205, Section 3332:
“Drunken driving, if established, gives rise to a nondischargeabie liability for damage or injury chargeable to it, and if it is accompanied by such other circumstances as high speed and driving on the wrong side of the road, the aggregate recklessness even more clearly amounts to willful and malicious misconduct.
*340 “* * * But a default judgment expressly reciting that the defendant ‘wantonly, willfully, and without regard to the safety of the plaintiff’ did the act causing the injury may be regarded as conclusive.”
In 6 American Jurisprudence, 1009, Section 784, appears the following summary of the rule:
“ ‘Willful and malicious’ is equivalent in meaning to ‘willful and wanton.’ It is sufficient to supply the element of a malicious injury if the act be such that malice may be implied therefrom. An act may be willful and malicious even in the absence of hatred or ill will. It is not necessary, in order to invoke the exception, to show special malice. An act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, is done willfully and maliciously within the meaning of the exception. Thus, the rule is deducible that the injuries to person or property contemplated by the act as being within the description ‘willful and malicious’ and the resultant liabilities of which are therefore within the exception to a discharge include wrongful acts intentionally and deliberately done without cause or excuse and with no regard for the legal rights of the injured one.”
In the opinion in the case of Tinker v. Colwell, 193 U. S., 473, 48 L. Ed., 754, 24 S. Ct., 505, the federal Supreme Court reached the following similar conclusion:
“In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained.

it* * *

“* * * a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception.
“It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been *341 held by some courts not to be sufficient. Commonwealth v. Williams, 110 Mass., 401.
“We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer that was to be discharged.”
Hence, the Court of Appeals was not in error in holding that the trial court’s finding of “reckless, willful and wanton conduct” was a finding of “willful and malicious” conduct on the part of the defendant.
However, the defendant contends that the trial court’s journal entry is not conclusive, and that this court should “look behind” it in order to determine whether the finding is justified by the evidence in the record. One difficulty with this contention is that there is no bill of exceptions and hence no evidence to which this court can look. The defendant made the fatal mistake of ignoring the suit. He filed no pleading and was in default. As recited in its journal entry, the trial court proceeded to hear the matter “upon the petition of the plaintiff and the evidence adduced in support thereof.” No bill of exceptions was prepared. Therefore the trial-court record in the case consists solely of the plaintiff’s petition, the summons and the journal entry. Of course this entry imports verity until the contrary is shown.
Another contention of the defendant is that the Court of Appeals was in error in regarding the plaintiff’s allegations and the trial court’s finding of carelessness and negligence as surplusage. The answer to this complaint is found in the decision of this court in the case of Schweinfurth, Admr., v. C., C., C. & St. L. Ry. Co., 60 Ohio St., 215, in which it is said on page 230:
“This motion appears to be based upon the evident misconception that the petition states two causes of action — one for purposely causing the death of Blum, and the other for causing it by negligence. The statute (Section 6134) gives the right of action against one who (in its language) ‘by wrongful q,ct, neglect or default,’ causes the death of another, etc. The transaction or occurrence resulting in the death may consist of a number of co-operating acts and omissions, some of which may *342 be willful or intentional, and others merely failures to observe the necessary care; and a plaintiff cannot be required to arrange the facts into these different classes, and plead each as a- separate cause of action. Good pleading requires that he shall state as one cause of action all of the material facts of such wrongful act, neglect, and default, whether they were willful, or negligent only, or whether they consist in part of wrongful acts purposely done, and in part in the neglect or default of the defendant; and he may recover upon sufficient proof of either, or of all combined.”
And in the sixth paragraph of the syllabus this court held:
“6. A petition in such an action which states all the material facts of the transaction or occurrence resulting in the person’s death contains but one cause of action, though they comprise a number of co-operating acts and omissions, some of which were willful or intentional, and others the negligent failure to observe proper care.”
Hence, it is the view of this court that the judgment of the Court of Appeals is not erroneous and must be affirmed.

Judgment affirmed.

Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.