In re Norman Kendall TANNER, Sheila Johnson Tanner, Debtors.

Flossie HINES, Plaintiff,

v.

Norman Kendall TANNER, Sheila Johnson Tanner, Henry Dickinson, Trustee, Defendants.

Bankruptcy No. 1–81–00113.
Adv. No. 1–81–0045.

United States Bankruptcy Court, W. D. Kentucky.

Jan. 18, 1982.

5. *In re Casco Bank & Trust Co. v. Cloutier*, 398    A.2d at 1231 (footnote omitted).

202

J. C. Traylor, Bowling Green, Ky., for plaintiff.

James C. Ladd, Munfordville, Ky., for defendants-debtors.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of Flossie Hines (Hines), a creditor, by counsel, seeking a determination that a debt owed to her by the debtor in the amount of Five Thousand Dollars ($5,000.00) be found nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523, which exempts from discharge any debt "... for willful and malicious injury by the debtor to another entity or to the property of another entity...."

The material facts as they pertain to the issue raised herein can be briefly stated and are as follows:

In April, 1980, the debtor entered into an oral agreement with Hines to raise tobacco on her farm. During the months of June and July, 1980, the debtor sought and received permission from Hines to cut and sell seven (7) trees. The trees were to be removed so that Tanner could repair Hines' barn, front porch, and build a corn crib. On July 24, 1980, the debtor sold ten (10) trees which measured 1170 board feet and received payment in the amount of $431.05. (Defendants' Exhibit # 1.) Additional trees were cut and sold to Smith Brothers of Beaver Dam during the summer of 1980. During the late summer or early fall, plaintiff discovered that thirty-two (32) trees had been removed from her farm rather than the seven that had been authorized.

Tanner was confronted with this information on several occasions by Hines and

her son-in-law. Thereafter, on November 12, 1980, Tanner, Hines, William McGinnis (Hines' son-in-law), and William McGinnis, Jr. (Hines' grandson) met at plaintiff's home to discuss the missing trees. At this meeting Tanner agreed to sign a check in the amount of $5,000.00 with the memo notation that the check was for the payment of "stolen—32 trees". He also signed a note for the same amount and agreed to satisfy the obligation at the rate of $1,000.00 per year without interest. Both documents were prepared by the McGinnises.

The debt was based upon McGinnis, Sr.'s inquiry of two sawmills as to the fair market value of the trees. McGinnis had measured the circumference of each tree and had recorded the species of each tree.

Prior to her discovery of the missing trees, Tanner's tractor had been seen in the vicinity where the trees had been cut. Hines and McGinnis, Sr. observed tractor tire tracks when they inspected the location where the trees had been removed.

Jurisdiction to decide the issue raised by the complaint is provided for in 11 U.S.C. § 523(c) and 28 U.S.C. § 1471.

The phrase "willful and malicious injury" as used in § 523(a)(6) is intended to include a willful and malicious conversion of property of another. *In Re Hodges*, 4 B.R. 513 (Bkrtcy.W.D.Va.1980); *In Re McCloud*, 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980); *In Re Cummins*, 11 B.R. 222 (Bkrtcy.E.D.Tenn. 1981); and H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 365 (1977); U.S.Code Cong. & Admin.News, pp. 5787, 6320 (1979).

The party seeking to have its debt excepted from discharge pursuant to § 523 bears the burden of proof by the fair preponderance of the evidence. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), and Rule 407, R.B.P.; *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540 (W.D. Va.1967); *In Re Baiata*, 12 B.R. 813 (Bkrtcy.E.D.N.Y.1981); and *In Re Maiolo*, 12 B.R. 114 (Bkrtcy.N.D.Ga.1981).

Since one of the main objectives of our laws of bankruptcy is to let an honest debtor begin his "financial life anew", the dischargeability provisions of § 523 should be construed liberally in favor of the bankrupt and against the complainant. *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964); *In Re Jones*, 490 F.2d 452 (5th Cir. 1974); *In Re Smith*, 11 B.R. 20 (Bkrtcy.N.D.Ohio, 1981).

In order for the debt to come within the exception provided by § 523(a)(6), a creditor must show that the debtor's conduct was malicious as well as willful. *In Re Hawkins*, 6 B.R. 97 (Bkrtcy.W.D.Ky.1980).

The decision of *In Re Cummins*, 11 B.R. 222 (Bkrtcy.E.D.Tenn.1981) defined "conversion" to be ". . . any unauthorized act which deprives an owner of his property permanently or for an indefinite time." Citing *Black's Law Dictionary*, 4th Ed.

The Court further elaborated by defining the act of conversion. "To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words." Citing *McIntyre v. Kavanaugh*, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916).

The term "willful" has been found to mean deliberate and intentional, and a mere technical conversion is not within the meaning of subsection (a)(6). *In Re McCloud*, 7 B.R. 819 (Bkrtcy.M.D.Tenn. 1980) and *In Re Cummins, ibid.; Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1935).

Section 523(a)(6) reads in the conjunctive, not the disjunctive, requiring the plaintiff to establish that not only was the act done "willfully", but that it was done maliciously. "Malicious" has been found to mean an "intent to do harm". *In Re Hodges*, 4 B.R. 513 (Bkrtcy.W.D.Va.1980).

It is well settled that the time of the conversion is the time to be applied in determining the value of the property in an action for conversion. *In Re Auvenshine*, 9 B.R. 772 (Bkrtcy.W.D.Mich.1981), citing 18 Am.Jur.2d, *Conversion*, § 86 (1965).

Applying the decisional law to the evidentiary facts of record, it is apparent that the debtor's act of cutting and removing twenty-five trees from the plaintiff's property without authority was both "willful" and "malicious" within the meaning of § 523(a)(6). Debtor's testimony at trial that his acknowledgment of the debt was the result of intimidation and not because of guilt is not credible when the entire record is considered. The Court is not bound to accept self-serving testimony in the absence of corroborating testimony. *In Re Monsch*, 18 F.Supp. 913 (E.D.Ky.1937); and *In Re Bebar*, 315 F.Supp. 841 (E.D.N.Y. 1970).

For the foregoing reasons, the Court finds the debt as evidenced by the note and check in the amount of Five Thousand Dollars ($5,000.00) is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, IT IS ORDERED AND ADJUDGED that the plaintiff be and is awarded a judgment in the amount of Five Thousand and No/100 Dollars ($5,000.00).