**In re Joe William ENCINAS, Anne Faye Encinas, Debtor(s).**

**Bankruptcy No. 381–03675.**

United States Bankruptcy Court,
D. Oregon.

Jan. 26, 1983.

Daniel H. Rosenhouse, Portland, Or., for Beneficial.

Val W. Robbins, Bend, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the objection of Beneficial Financial Company ("Beneficial") to the debtors' proposed chapter 13 plan.

The plan was confirmed on February 22, 1982 subject to Beneficial's objection. After the confirmation, both Beneficial, through its attorney, Daniel H. Rosenhouse, and the debtors, through their attorney Val W. Robbins, submitted legal memoranda on the issues raised by the objection.

The facts of the case are as follows. On June 16, 1981, the debtors procured a loan from Beneficial in the amount of $1,967.50 payable with interest over 36 months. The loan was secured by all the debtors' household goods. The security agreement covers proceeds of the household goods, "including monies obtained from the payment of an

insurance claim relating to property insured". As a part of the agreement, the debtors were required to obtain insurance on the household goods for the full amount of the loan. The insurance policy, obtained by the debtors from Central National Insurance Company on May 16, 1981, was made payable to the debtors and to Beneficial as their interests may appear.

On September 7, 1981, the debtors' household goods sustained fire damage, a loss which was covered by the insurance policy. Approximately two months later, on November 12, 1981, the debtors filed their chapter 13 petition. On February 10, 1982, the insurance company issued a draft in the amount of $1,392.00 payable to Joe Encinas, one of the joint debtors, and to Beneficial. This draft is now in the possession of the attorneys for Beneficial. The order of confirmation of the debtors' plan provides that Beneficial's consumer lien in the household goods is voided pursuant to 11 U.S.C. § 522(f), but that confirmation of the plan is subject to Beneficial's objection.

Beneficial objects to the plan to the extent that the voiding of Beneficial's lien may be construed to apply to the insurance monies paid on account of the fire damage to the household goods. Beneficial requests that the court enter an order modifying the debtors' plan to specify that the confirmation of the plan does not affect Beneficial's right to the insurance money.

It is Beneficial's position that its status as contract payee on the insurance policy makes it the equitable owner of the money paid by the insurance company, and not a creditor of the debtors and not bound by the debtors' plan. To the extent that the insurance monies do not exceed the amount owing by the debtors on their contract with Beneficial, Beneficial maintains that the debtors hold only a legal title which does not impair Beneficial's interest. In the alternative, Beneficial requests that confirmation of the plan be withdrawn on the grounds that the plan fails to provide it with the rights it is entitled to as a secured creditor under the Bankruptcy Code.

The debtors contend that any right that Beneficial may have had to the insurance money is avoided by the debtors' claim of an exemption in household goods pursuant to 11 U.S.C. § 522(f). The debtors claim that the insurance money merely represents a change in form of the household goods which should not affect their claim of exemption. They further state that Beneficial's status as a secured creditor was destroyed with the fire and with payment of the insurance money.

At issue is who is entitled to the insurance proceeds, Beneficial or the debtors.

■ Under 11 U.S.C. § 541(a)(1) the debtor's estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. This broad definition of the debtor's estate is modified and limited by subsections (d) and (b) of § 541.

11 U.S.C. § 541(d) states:
"Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

Thus, where the debtor holds bare legal title without any equitable interest, the estate acquires bare legal title without any equitable interest.

11 U.S.C. § 541(b) states:
"Property of the estate does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor."

All of the above subsections of § 541 must be read in conjunction with 11 U.S.C. § 552(b) which provides that where a debtor and a secured party enter into a security agreement prior to commencement of the case and that agreement covers the proceeds of collateral, then such security interest extends to such proceeds acquired by the estate after the commencement of the case to the extent provided by such security

agreement and by applicable nonbankruptcy law.

In *Haskin v. Greene,* 205 Or. 140, 286 P.2d 128 (1955), the Oregon Supreme Court stated that where an insurance policy contained a rider making the insurance payable to a mortgagee "as its interest shall appear", the mortgagee possessed a superior right to the proceeds of the policy to the extent of the mortgage debt in case of a loss while the mortgage was in full force. According to the *Haskin* court, the mortgagee in such a situation may apply the insurance money in full, or pro tanto, satisfaction of the debt, and such payment amounts to satisfaction of the mortgage to the extent of the payment or the mortgagee may hold the insurance money to discharge the debt as it becomes due if the debt is not due at the time of loss and payment. *Haskin,* 286 P.2d at 132.

■ Because the insurance policy in the present case contains a clause virtually identical to the "open mortgage" clause discussed in *Haskin* and the debt owing exceeds the insurance proceeds, the court concludes that Beneficial possesses a superior right to the insurance proceeds and may properly apply the insurance draft to the debt owed to it by the debtors.

Thus, the application of 11 U.S.C. § 552(b) to the facts of this case supports Beneficial's right to the insurance proceeds. Applying § 552(b), Beneficial's prepetition security interest in the debtors' household goods extends to the insurance proceeds acquired after the commencement of the case because both the proceeds provision of the security agreement itself and applicable nonbankruptcy law—Oregon law as expressed in *Haskin* as well as the Uniform Commercial Code as embodied in ORS 79.-3060—necessitate this result.

■ The court further concludes that the debtors' interest in the insurance proceeds is, at most, a legal interest only. See 11 U.S.C. § 541(d). Under these circumstances, the power vested in the debtors by virtue of their bare legal title under the insurance draft may only be exercised solely for

the benefit of Beneficial. Thus, the signing of the insurance draft held by Beneficial is the kind of "power" excepted by 11 U.S.C. § 541(b) from the Bankruptcy Code definition of the debtors' estate.

Based on the foregoing, the court finds that (1) the insurance proceeds are not property of the debtors' estate, and (2) Beneficial has a right to the insurance proceeds unaffected by the debtors' filing of the chapter 13 case.

It therefore appears that the objection of Beneficial to confirmation of the debtors' plan may be removed by an order requiring the debtors to endorse the insurance draft held by Beneficial's attorneys. Such an order will be entered herein.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.