In re Ellen SALAMONE, Debtor.

HOMEMAKERS, INC.

v.

Ellen SALAMONE and Leo F. Doyle, Trustee.

Civ. A. No. 86–5203.

United States District Court, E.D. Pennsylvania.

Feb. 11, 1987.

Jeffrey V. Matteio, Norristown, Pa., for debtor/appellant.

Jay C. Glickman, Lansdale, Pa., for plaintiff.

Leo F. Doyle, Philadelphia, Pa., trustee.

Thomas A. Guise, Philadelphia, Pa., Deputy in Charge of Bankruptcy Operations.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Ellen Salamone, a Chapter 7 individual debtor, appeals to this court from a decision of the United States Bankruptcy Court for the Eastern District of Pennsylvania granting Homemakers, Inc. an exception to discharge in the amount of $55,741.14 pursuant to 11 U.S.C. § 523(a)(6). For the reasons stated below, I reverse and remand to the Bankruptcy Court.

## I. FACTS

Homemakers, Inc. brought this action pursuant to 11 U.S.C. § 523(c) and § 727(c)(1) requesting a denial of discharge under § 727(a)(4) or, in the alternative, an exception to discharge under § 523(a)(2)(A) or § 523(a)(4). Homemakers alleged that Salamone breached her oral agreement to sell exclusively for Homemakers, converted for her own use customer leads she obtained from Homemakers, and used these leads to sell for her own account, causing Homemakers to lose profits.

The Bankruptcy Court held that Homemakers failed to establish a basis for a denial of discharge under § 727(a)(4), but that Homemakers was entitled to an exception to discharge in the amount of $55,-741.14 pursuant to § 523(a)(6). Although the court recognized that Homemakers advanced its claim under § 523(a)(2)(A) and (a)(4), the court found that "a result based on § 523(a)(6) is more clearly tenable under the facts of this case." *In re Salamone*, 62 B.R. 690, 692 n. 4 (Bankr.E.D.Pa.1986). The court further held, without discussing the alternative provisions, that a rational result may also be based on (a)(2)(A) or (a)(4). *Id.*

Salamone appealed to this court on the following issues: whether it was proper to grant an exception to discharge under (a)(6) since Homemakers only sought exception under (a)(2) and (a)(4); whether Homemakers carried its burden of proof with respect to an exception under (a)(6); whether the bankruptcy court erred in disregarding the testimony of appellee's witnesses who stated that they had decided not to use Homemakers' services prior to giving their business to Salamone; whether the court erred in disregarding Salamone's testimony; whether the court erred in finding that Salamone's purchases from fabric houses were all for business that would have otherwise gone to Homemakers; and whether the court erred in its calculation of the amount excepted from discharge. I have jurisdiction pursuant to 28 U.S.C. § 158(a).

## II. DISCUSSION

Creditors have the burden to show that their claims fit within one of the exceptions to discharge and the exceptions are narrowly construed in favor of the debtor. *See In re Cross*, 666 F.2d 873, 879–80 (5th Cir. Unit B 1982). In reviewing the bankruptcy court's decision granting an exception to discharge, findings of fact may be set aside only if they are clearly erroneous. Bankruptcy Rule 8013; *In re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983).

11 U.S.C. § 523(a)(6) provides that an exception to discharge shall be made from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The parties and the circuits are in dispute as to the meaning of the language "willful and malicious." *Compare e.g.*, *In re Long*, 774 F.2d 875, 881 (8th Cir.1985) (conduct must be targeted at creditor) *with In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986) (specific intent to harm creditor not required). I need not reach this issue, however, because I find the record does not support that Homemakers sustained its burden of proof, even under a preponderance of the evidence standard,[1] that it is owed a debt

---

1. The bankruptcy court held that Homemakers must prove that it is entitled to an exception to discharge under § 523(a)(6) by clear and convincing evidence. *Salamone*, 62 B.R. at 692.

because of Salamone's willful and malicious acts. I find therefore that the bankruptcy court was clearly erroneous in granting an exception to discharge under this provision.

With respect to the exception under § 523(a)(6), the bankruptcy court found:

> [I]t is clear that the debtor intentionally and knowingly misappropriated customer leads from Homemakers and used them to generate her own profits with deleterious consequences to the company. It is also quite apparent that the debtor undertook this course of conduct fully realizing that Homemakers would suffer lost profits. No just cause or excuse has been offered to exculpate the debtor's actions, and it appears that the motivation behind the scheme was nothing less ignoble than avarice.
>
> The debtor has attempted to undermine Homemakers' case by asserting that some of the sales she made on her own behalf consisted of goods not carried by Homemaker [sic]. While there may be some truth to this averment, the debtor has not supported her assertion with specific values for goods sold. She also contends that she sold her own goods only after she was satisfied that a customer would not buy the wares of her employer. This defense was vanquished by the debtor's meager credibility.

*Salamone,* 62 B.R. at 693.

■ The record supports the bankruptcy court's findings that Salamone willfully and intentionally converted customer leads and used them to create sales for herself. (N.T. 91, 11–14 April 4, 1986). However, Homemakers failed to sustain its burden of proving that it had suffered *injury* as a result of this conversion.

In her defense, Salamone claimed that she sold only to Homemakers' customers after she was certain that they would not purchase from Homemakers. The bankruptcy court rejected this defense, finding Salamone's testimony not to be credible. While the court was entitled to reject Salamone's testimony on the basis of credibility, the court simply failed to consider the testimony of Homemakers' own witnesses, who corroborated Salamone's defense. Although Homemakers was able to identify several of its customers to whom Salamone made personal sales, the only two customers whom it called as witnesses both testified that they had decided not to purchase from Homemakers before Salamone made an effort to sell on her own behalf. (N.T. 46–57, March 20, 1986). Although the customers also testified that Salamone had not attempted to call Homemakers to get a lower price, Mr. Fineman, vice-president of Homemakers, testified that Homemakers had a set price for its products and that Salamone had no discretion to lower the prices. (N.T. April 4, 1986, at 84). Thus, while Salamone may have acted improperly in attempting to make personal sales from Homemakers' leads, Homemakers was not injured by Salamone's actions if it would not have received these sales in any event.

■ The bankruptcy court also considered the circumstantial evidence presented by Homemakers that Salamone's sales for Homemakers declined and that her personal purchases from fabric suppliers increased. Under other circumstances this evidence may be sufficient to infer that Salamone was taking Homemakers' sales. However, that evidence is simply insufficient in this case, where there is uncontradicted testimony by Homemakers' customers that Salamone only made sales to them when they had already decided not to purchase from Homemakers and that Salamone did not attempt to dissuade them from purchasing from Homemakers. Giv-

The bankruptcy courts are in conflict as to whether the appropriate burden of proof is a preponderance of the evidence, *see, e.g., In re Moccio,* 41 B.R. 268, 272 (Bankr.D.N.J.1984); *In re Boren,* 47 B.R. 293, 295 n. 8 (Bankr.W.D.Ky.), *modified on other grounds,* 50 B.R. 315 (Bankr. W.D.Ky.1985) or clear and convincing evidence, *see, e.g., In re Kaufmann,* 57 B.R. 644, 646 (Bankr.E.D.Wis.1986); *In re Weingarten,* 49 B.R.

881 (Bankr.N.D.Ohio 1985) and it does not appear that any appellate court has resolved the issue. Because appellee has not raised this issue, and because I find that appellee has failed to sustain its burden even under a preponderance standard, I will not discuss this question, but I believe it is important to recognize that such a conflict exists.

en this uncontradicted evidence, I find that the record does not support an exception to discharge under § 523(a)(6).

 As noted earlier, the bankruptcy judge found that a discharge may be predicated on § 523(a)(2)(A) or (a)(4), the provisions under which Homemakers pursued its claim, as well as on (a)(6). These possible alternative grounds for discharge were not, however, discussed in the court's opinion. Thus, I will reverse the court's holding of discharge under § 523(a)(6) and remand for a determination of whether an exception to discharge should be granted under either § 523(a)(2)(A) or (a)(4).[2]

2. Because I reverse on this theory, I need not    discuss Salamone's other grounds for appeal.