**In re Russell Lee SHERWOOD, Darleen Renea Sherwood.**

**Bankruptcy No. 288–03186–A–7.**

United States Bankruptcy Court, E.D. California.

Dec. 8, 1988.

Russell and Darleen Sherwood, Sacramento, Cal., in pro. per.

Greg Eichler, Sacramento, Cal., trustee.

Peter G. Fetros, Sacramento, Cal., for ITT Financial Services.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Chief Judge.

### FACTS

On October 14, 1987, Russell and Darleen Sherwood borrowed $2,747.35 from ITT Financial Services (ITT). As security for the loan, the Sherwoods granted ITT a non-purchase money security interest in various items of personal property. As a condition of the loan, ITT required that the Sherwoods insure the collateral. In compliance with ITT's demand, the Sherwoods purchased a $10,000 insurance policy to cover the personal property located at their residence, naming themselves and ITT as the loss payees. At the time they purchased the policy, the Sherwoods stated that the "household contents used as security" for the loan were valued at $6,555.

The Sherwoods filed a chapter 7 petition in propria persona on May 12, 1988. On their schedule B-4, the debtors listed as exempt their interest in "household fur-

nishings, fixtures, appliances ... located at residence." The debtors valued their interest at $2,500. Neither the chapter 7 trustee nor any creditors objected to the debtors' claim of exemptions. At the time of their chapter 7 filing, the debtors owed ITT $2,685.96.

On May 17, 1988 a fire at the debtors' residence destroyed some of the personal property used as security for the ITT loan.[1] After the fire the insurance company paid a total of $6,730 to ITT and the debtors under the terms of the policy. Of this amount, ITT withheld $1,155 of the proceeds to cover the items of personal property subject to its security interest which were destroyed by the fire and the debtors received $5,575 of the proceeds.

On June 30, 1988, the debtors filed a motion to avoid lien under 11 U.S.C. sec. 522(f)(2)(A). The motion was unopposed and on July 25, 1988, the court entered an order granting the debtors' motion.

Although it is unclear, the court surmises that the debtors, still in propria persona, were unsuccessful in persuading ITT to release to them the $1,155 of insurance proceeds withheld. As a result, the debtors filed the present motion to avoid lien. ITT opposes the motion and argues principally that the debtors cannot avoid a lien on property which is no longer in existence.

### DISCUSSION

11 U.S.C. sec. 522(f)(2)(A) provides,

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section,* if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appli-

---

**1.** The parties have not presented any evidence which shows the exact items of personal property destroyed in the fire. Although ITT states that "a portion of the secured property" was destroyed, it does not state if any or what items of personal property subject to its security interest survived the fire.

ances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (emphasis added)

In order to avoid a lien under sec. 522(f)(2)(A), the court must find that the lien impairs an exemption to which the debtor would otherwise be entitled and the lien must be against an interest of the debtor in the property.

As to the first requirement, 11 U.S.C. sec. 522(f) refers to the exemptions to which a debtor is entitled under sec. 522(b). In turn, 11 U.S.C. sec. 522(b) restricts exemptions to property of the estate. *In re Auvenshine,* 9 B.R. 772, 773 (Bankr.W.D. Mich.1981). The operative date which defines property of the estate is the date of the commencement of the case. 11 U.S.C. sec. 541(a)(1). In a voluntary case, the filing date of the petition commences the case. 11 U.S.C. sec. 301.

It is well-settled that a debtor's exemptions also are determined as of the filing date. *In re Magnus,* 84 B.R. 976, 977 (Bankr.E.D.Pa.1988); *In re Eckols,* 63 B.R. 523, 526 (Bankr.D.N.H.1986); *but see In re Winchester,* 46 B.R. 492 (Bankr.9th Cir. 1984) (the date of conversion from a chapter 13 to a chapter 7 case determines a debtor's exemptions).

In the present case it is undisputed that the personal property subject to ITT's security interest and in which the debtors claimed an exemption was in existence on the date that the debtors filed their chapter 7 petition.[2] Thus, on the filing date the personal property was part of the debtors' estate and was subject to a claim of exemption. Since it is the date of the filing which determines both property of the estate and a debtor's exemptions, the court finds that the filing date also should control whether or not a debtor may avoid a lien under sec. 522.

The court finds that the second requirement for lien avoidance under sec. 522(f)(2)(A) is also met. The debtors do

have an interest in the insurance proceeds as evidenced by the insurance policy which names the debtors and ITT as loss payees. Although it is true that at the time the debtors filed their motions to avoid lien the personal property had been destroyed, the insurance proceeds are simply another form of that personal property.

ITT cites *In re Encinas,* 27 B.R. 79 (Bankr.D.Ore.1983) and *In re Auvenshine,* 9 B.R. 772 in support of its argument that the debtors cannot avoid a lien on property which is no longer in existence. The court has reviewed carefully both of those cases and finds that they are distinguishable from the present case. In *Encinas,* the household goods of the debtors had been destroyed in a fire two months *prior* to the filing of their chapter 13 petition. In the meantime, the insurance company issued a draft payable to one of the debtors and the creditor. When the debtors tried to avoid the creditor's lien in their plan under 11 U.S.C. sec. 522(f)(2)(A), the creditor objected. The court held that the creditor was entitled to the insurance proceeds because both state law and the security agreement provided that the creditor's prepetition security interest in the debtors' household goods extended to any insurance proceeds acquired after the commencement of the case. 27 B.R. at 81.

In *Auvenshine,* the debtors granted a creditor a nonpurchase money security interest in a washer and dryer and then sold both items prior to the filing of their chapter 7 petition. After the debtors had filed chapter 7, the creditor filed a complaint to determine the nondischargeability of a debt under 11 U.S.C. sec. 523(a)(6). The debtors argued *inter alia* that, in any event, the creditor had not been damaged because if the debtors had not sold the washer and dryer the creditor's lien would have been avoided. The court rejected this argument and found that at the time the chapter 7 petition was filed the debtors did not have any legal or equitable interest in the washer and dryer and, thus, could not have claimed an exemption from property of the

---

**2.** ITT does not contend that the various items of personal property encumbered by its security

interest are not household goods or furnishings as defined by 11 U.S.C. sec. 522(f)(2)(A).

682

estate. 9 B.R. at 773. The court concluded that the debtors could not have avoided the creditor's lien under 11 U.S.C. sec. 522(f)(2)(A). *Id.*

Unlike *Encinas* and *Auvenshine,* the household goods and furnishings in the present case were in existence on the date of the chapter 7 filing. In addition, the debtors still have an interest in the insurance proceeds and ITT continues to assert that its lien encumbers the proceeds.[3]

## CONCLUSION

The debtors' motion to avoid lien is granted and ITT shall forthwith turnover to the debtors the $1,155 in insurance proceeds withheld.[4] This memorandum opinion and decision shall constitute findings of fact and conclusions of law. The debtors shall prepare and submit an order consistent with this decision.

---

3. The present case is distinguishable from *In re Vitullo,* 60 B.R. 822 (D.N.J.1986) and *In re Montemurro,* 66 B.R. 124 (Bankr.E.D.N.Y.1984). In both *Vitullo* and *Montemurro* the debtors owned their residences at the time they filed chapter 7 but waited until after their cases were closed and they had conveyed the property to third parties before filing their motions to avoid judicial liens under 11 U.S.C. sec. 522(f)(1). In those two cases the courts denied the debtors motions because the liens were no longer against interests of the debtors in property. The debtors in both those cases did not have standing to avoid the liens.

4. ITT makes the further argument that the debtors did not lose all of their household goods and furnishings in the fire and that the total amount of insurance proceeds the debtors will receive exceeds the value of the property which the debtors claimed as exempt. This issue is not before the court at this time and, as stated in footnote number 1, *supra,* there is no evidence before the court as to the exact items of personal property which the debtors lost in the fire. A copy of this memorandum opinion and decision will be sent to the trustee for any action which he deems appropriate.