**AMERITEL CORPORATION, an Oregon corporation, Plaintiff and Counterclaim Defendant,**

v.

**ISOETEC COMMUNICATIONS, INC., a Virginia corporation, and Executone, Inc., a New York corporation, and Executone Information Systems, Inc., a De-**

---

laware corporation, Defendants, Counterclaim Plaintiffs and Third–Party Plaintiffs,

v.

Scott C. DENNEY, Counterclaim Defendant and Third–Party Defendant.

Civ. No. 88–1074–FR.

United States District Court, D. Oregon.

Jan. 18, 1990.

John M. Berman, Beaverton, Or., for plaintiff.

Milo Petranovich, Tilman Hasche, Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, Or., Michael J. Lockerby, Hunton & Williams, Richmond, Va., for defendants.

FRYE, District Judge:

The matter before the court is the motion (# 40) of defendant Executone Information Systems, Inc. (Executone) to dismiss the first and third counterclaims of plaintiff/counterclaimant Ameritel Corporation (Ameritel).

## BACKGROUND

Defendant Executone is a Delaware corporation which is the successor-in-interest to defendants Isoetec Communications, Inc. (Isoetec), a Virginia corporation, and Executone, Inc., a New York corporation. Executone is the survivor of a series of mergers and liquidations involving Isoetec, Executone, Inc., and Vodavi Technology Corp. which took place in July, 1988. Executone manufactures and sells "Isoetec" telephone systems.

Plaintiff Ameritel is an Oregon corporation which was incorporated in 1986. Scott Denney is the president, chief executive officer, and principal stockholder of Ameritel. On May 26, 1987, Ameritel and Isoetec entered into a dealer agreement under which Ameritel was authorized to sell and service Isoetec's telecommunications equipment in the Portland, Oregon metropolitan area.

This litigation arises from Ameritel's subsequent financial difficulties and its attempts to sell its business to Isoetec. Ameritel alleges that it was experiencing financial difficulties in early 1988; that it entered into negotiations for Isoetec to provide working capital or otherwise invest in Ameritel; that Isoetec refused to ship equipment to Ameritel, thereby weakening Ameritel's position; that Isoetec offered to purchase Ameritel's business and that Ameritel accepted; that Isoetec took possession of Ameritel's business, inventory and equipment; and that Isoetec subsequently refused to conclude the purchase of Ameritel's business. The complaint alleges claims for conversion and unjust enrichment against Isoetec and its successor, Executone.

On July 18, 1988, Ameritel filed a petition in bankruptcy pursuant to Chapter 11. On July 22, 1988, Ameritel filed this action

against Isoetec and Executone, Inc. in the Circuit Court of the State of Oregon for the County of Multnomah. On September 19, 1988, this action was removed to federal court on the basis of diversity jurisdiction. On March 21, 1989, the bankruptcy court granted Executone relief from the automatic stay in order to assert compulsory counterclaims against Ameritel.

This court subsequently granted Executone's motion for leave to amend its answer in order to assert counterclaims against Ameritel and Denney, and third party claims against Denney. In its counterclaims and third party claims, Executone alleges that Ameritel breached the dealer agreement; that Denney is liable for Ameritel's breach of contract on an alter ego theory; that during the negotiations for the purchase, Ameritel and Denney made misrepresentations to Executone; that Ameritel and Denney violated the Virginia Conspiracy Statute during the negotiations for the purchase; and that Executone is entitled to indemnity from Denney for any damage found to have been suffered by Ameritel.

Ameritel subsequently filed a reply to Executone's answer and counterclaims, in which Ameritel alleges three counterclaims against Executone. Ameritel's counterclaims are based upon the same facts as the complaint and Executone's counterclaims and third party complaint. Executone now moves to dismiss Ameritel's first and third counterclaims.

### ANALYSIS AND RULING

Executone contends that Ameritel's first and third counterclaims must be dismissed because they are "core proceedings" which have been referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and Local Rule 2101–1. Ameritel responds that even though the first and third counterclaims are core proceedings which would normally be resolved in the bankruptcy court, dismissal is not appropriate because this court may withdraw reference in order to try all issues in a single proceeding.

Under 28 U.S.C. § 157(a), certain matters may be referred to the bankruptcy courts for decision: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The statute further provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). For the purposes of section 157, core proceedings include proceedings to determine, avoid or recover preferences, and proceedings to determine, avoid, or recover fraudulent conveyances. 28 U.S.C. § 157(b)(2).

On prior occasions, this court has referred core proceedings to the bankruptcy court for the District of Oregon through Local Rule 2101–1, which provides: "This court hereby continues its reference to the bankruptcy judges of this district of all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11." Under 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

■ On the other hand, the courts have found cause to withdraw matters referred to the bankruptcy court where facts, transactions and issues in the district court case overlap the issues in the bankruptcy court case, so that it is most efficient to hear the entire matter in the district court. *In re Wedtech Corp.*, 81 B.R. 237 (S.D.N.Y.1987). Sufficient cause exists to withdraw reference where trial of all issues in the district court would conserve the resources of both debtor and creditor. *In re Landbank Equity Corp.*, 77 B.R. 44 (E.D.Va.1987).

■ In this case, Ameritel has asserted claims to recover money damages from Executone. Executone has counterclaimed, alleging that if it is found liable, it is entitled to reduce its liability by the amount that Ameritel owes it for goods sold and

delivered and for other damages. In its first and third counterclaims, Ameritel contends that any right of offset held by Executone constitutes a voidable preference or a fraudulent conveyance under the bankruptcy code because Executone's claims arose within a short time before Ameritel filed its petition in bankruptcy.

The court finds that the most efficient use of judicial and litigant resources is for this court to retain Ameritel's first and third counterclaims at this point. Since Ameritel is not entitled to a jury trial on these counterclaims, the court can address them or refer them to the bankruptcy court for decision after trial of the other claims in the action. Moreover, if Ameritel is not successful at trial, these counterclaims will be rendered moot and the court will not need to deal with them further.

## CONCLUSION

Executone's motion (# 40) to dismiss Ameritel's first and third counterclaims is denied without prejudice to renew the motion at a later date.