## In Re DAISY SYSTEMS SECURITIES LITIGATION.

### No. C–86–20127(A) SW.

United States District Court, N.D. California.

Aug. 9, 1991.

Milberg Weiss Bershad Specthrie & Lerach, William S. Lerach, Leonard B. Simon, Blake M. Harper, San Diego, Cal., Barrack Rodos & Bacine, Leonard Barrack, Gerald J. Rodos, Edward Gergosian, Philadelphia, Pa., Lowey Dannenberg Bemporad Brachtl & Selinger, P.C., Richard Dannenberg, New York City, Cohen, Milstein & Hausfeld, Herbert Milstein, Steven Toll, Washington, D.C., Opperman, Heins & Paquin, Samuel D. Heins, Minneapolis, Minn., Abbey & Ellis, Arthur N. Abbey, Robert A. Skirnick, Wechsler Skirnick Harwood Halebian & Feffer, Wolf Haldenstein Adler Freeman & Herz, New York City, Kohn Savett Marion & Graf P.C., Stuart H. Savett, Philadelphia, Pa., Saveri & Saveri, Guido Saveri, San Francisco, Cal., Rabin &

Sirota, Howard B. Sirota, Law Offices of Joseph A. Weiss, Joseph A. Weiss, Wolf Popper Ross Wolf & Jones, Robert A. Skirnick, Marian Probst Rosner, Pomerantz Levy Haudek Block & Grossman, New York City, Bernard Petrie, San Francisco, Cal., Stephen Cottmeier, Hopkins, Mitchell & Carley, San Jose, Cal., Greenfield & Chimicles, C. Oliver Burt, III, Richard D. Greenfield, Haverford, Pa., Jeremiah F. Hallisey, Hallisey & Johnson, San Francisco, Cal., for plaintiffs.

Heller Ehrman White & McAuliffe, M. Laurence Popofsky, Peter A. Wald, Vincent L. Johnson, Amelia J. Craig, San Francisco, Cal., for Inside Officers.

Wilson Sonsini Goodrich & Rosati, Steven M. Schatz, David S. Steuer, Jared L. Kopel, Palo Alto, Cal., for defendant Adler.

Daisy Systems Corp., Val D. Hornstein, Mountain View, Cal., for defendants.

David B. Gold, San Francisco, Cal., for class plaintiffs.

Charles Smity, Los Angeles, Cal., for Harbor Ins. Co.

McKenna & Fitting, John Dacey, Garrett Cecchini, Margaret Grover, San Francisco, Cal., for trustee.

Michael Perlis, Stroock & Stroock & Lavan, Los Angeles, Cal., for Nat. Union Ins.

## ORDER

### SPENCER WILLIAMS, District Judge.

The nonbankrupt parties in this class action securities fraud case move to prevent the bankruptcy court from transferring the proceeds of certain director's and officer's liability policies to Daisy Systems Corp.'s Chapter 11 trustee in bankruptcy. To accomplish this, the parties first move this court to withdraw the bankruptcy court's jurisdiction over the trustee's action for turnover of the insurance proceeds. Then, the parties ask this court to deny the trustee's motion for an order establishing a procedure for division of the insurance proceeds.

After consideration of the papers and arguments of counsel, the motion for withdrawal of reference is GRANTED and the Trustee's motion for an order establishing a procedure for division of the insurance proceeds is DENIED.

## BACKGROUND

This securities fraud class action and a related derivative action brought by Rodney Coehlo (No. C–86–20719–SW) have been litigated in this court for more than five years. A few months ago, the class plaintiffs and the insurers finally began settlement negotiations in earnest. When the instant issue arose, settlement of the class action was imminent.

Daisy Systems Corporation ("Daisy") was forced into involuntary bankruptcy on May 30, 1990, and a Chapter 11 trustee ("Trustee") was appointed to manage Daisy's assets. News of the impending settlement caused Daisy's Trustee to worry that the proceeds from the three director's and officer's liability policies ("DOL policies") would be depleted before Daisy's creditors could establish their claims to the money. Consequently, the Trustee filed suit in the bankruptcy court seeking to have the insurance proceeds turned over to the Trustee for safekeeping and investment.

Now every party involved in the class action wants to remove this eleventh hour obstacle to settlement.

## DISCUSSION

### I. WITHDRAWING THE REFERENCE

Under 28 U.S.C. § 157(a), the district court may refer certain cases to the bankruptcy court if the cases are related to Title 11 proceedings. In the Northern District of California, Local Rule 700–2 generally refers to the bankruptcy court all proceedings "arising under Title 11 or arising in or related to a case under Title 11."

For cause shown, however, the district court always has the option of retaking jurisdiction over civil proceedings referred by general order of reference. 28 U.S.C. § 157(d). Moreover, where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or

activities affecting interstate commerce" the district court *must* withdraw the reference to the bankruptcy court. *Id.*

In this motion, the moving parties argue that: (1) the bankruptcy court has no jurisdiction over the Trustee's action because the insurance proceeds are not part of Daisy's estate; and (2) even if the bankruptcy court does have jurisdiction under Local Rule 700–2, the reference should be withdrawn because proper distribution of the insurance proceeds necessarily requires consideration of both federal securities laws and bankruptcy law.

A. *DOL Insurance Proceeds Are Generally Not Part of the Corporation's Bankruptcy Estate*

█ The class plaintiffs and the insurers argue that the insurance proceeds are *not* part of Daisy's bankruptcy estate because the officers and directors, not Daisy, are the primary beneficiaries of the policies. In support of this argument, they cite two cases in this district, holding that the proceeds of DOL policies are not part of the corporation's bankruptcy estate: *Duval v. Gleason*, CCH Bankr.L.Rep. ¶ 73721, CCH Fed.Sec.L.Rep. ¶ 95,694, 1990 WL 261364 (N.D.Cal. Oct. 19, 1990); *National Union Fire Insurance v. Official Unsecured Creditors' Committee of Technical Equities Corp.*, No. 3–86–00366(LK) (N.D.Cal. Jan. 26, 1990).

*Duval* was a securities action brought against a corporation and its directors and officers. When the corporation filed for Chapter 11 bankruptcy, the nonbankrupt codefendants argued that the automatic stay should bar proceedings against them as well. The codefendants pointed out that the action against them could result in claims for indemnification under the corporation's DOL policy. Contending that the DOL policy was "property of the estate" within the meaning of 11 U.S.C. § 362(a) (the automatic stay provisions), the codefendants asked Judge Jensen to rule that the entire action was stayed.

Judge Jensen refused. Distinguishing between the policy and its proceeds, he held that the proceeds were not property of

the estate even though the policies themselves were. Thus, since litigation against the nonbankrupt parties would affect only the proceeds, not the policy, Judge Jensen ruled that the automatic stay did not apply.

The Fifth Circuit ruled similarly in *In Re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir.1987). In that case, the creditors of a bankrupt corporation sought to prevent the use of DOL policy proceeds to pay for the legal expenses of covered officers and directors. The appellate court drew the same distinction between the policy and its proceeds, holding that the proceeds were not part of the bankruptcy estate. *Id.* at 1400.

In response, the bankruptcy trustee cites the Ninth Circuit's opinion in *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517 (9th Cir.1986). Two months after The Minoco Group of Companies ("Minoco") filed for bankruptcy, the issuer of Minoco's excess DOL policy tried to cancel the policy. Minoco then sought and obtained the bankruptcy court's declaratory judgment that the proposed cancellation of the policy was automatically stayed. Both the district court and the Ninth Circuit affirmed, holding that the policy was property of the bankruptcy estate.

In this case, however, the DOL policies are not threatened; only the proceeds are. Thus, *Minoco* does not control. In the absence of controlling authority, this court chooses to follow *Louisiana World* and *Duval*, which distinguish between the policy and its proceeds. Thus, the proceeds of the three DOL policies in this case are not simply assets of Daisy's bankruptcy estate to be divided among creditors according to bankruptcy law.

B. *Even If Daisy Has Some Claim to the Insurance Proceeds, Withdrawal of Reference is Mandatory*

█ In his reply brief, Daisy's Trustee states: "The Trustee's primary right to the insurance proceeds arises *not* from Daisy's position as an insured but, instead, from Daisy's position as beneficiary of the derivative action entitled *Coehlo v. Finegold.*" Trustee's Reply Memo in Support, page 2.

The Trustee correctly points out that neither *Duval* nor *Louisiana World* involved a situation where the corporation stood to benefit from a shareholder's derivative claim against the insurance proceeds. According to the Trustee, this contingent interest in the insurance proceeds is sufficient to bring the distribution of those proceeds within the bankruptcy court's jurisdiction.

Whether or not the Trustee's position is correct, this court would, in any event, be required to withdraw jurisdiction from the bankruptcy court because proper distribution of the proceeds would entail consideration of both bankruptcy law and federal securities laws. 28 U.S.C. § 157(d) clearly states that the district court must withdraw the reference where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." If the "Trustee's primary right to the insurance proceeds arises ... from Daisy's position as beneficiary of the derivative action," then his interest is no greater than that of the class plaintiffs in the securities fraud case. Thus, the bankruptcy court cannot simply divide up the proceeds according to bankruptcy law, but must evaluate the relative merits of the lawsuits. Since this evaluation cannot be accomplished without considering federal securities laws, this court must withdraw the reference.

For the foregoing reasons, the motion to withdraw the reference of Adversary Proceeding No. 91–5216 is GRANTED.

## II. PRELIMINARY INJUNCTION AND ORDER ESTABLISHING DISTRIBUTION

■ In its adversary proceeding in the bankruptcy court, Daisy's Trustee moved for an order requiring the insurers to transfer the insurance proceeds to the Trustee for safekeeping and investment. The Trustee also requested an order establishing a procedure for liquidating claims against the insurance policies. Because the bankruptcy court's jurisdiction over the matter has been withdrawn, these motions are now properly before this court.

■ With its first motion, Daisy's Trustee is essentially seeking prejudgment attachment of the insurance proceeds. Even if attachment were available to a nonparty in this type of situation, the person seeking attachment would have to show at least the action's probable validity. *See* Cal.Code Civ.Pro. § 484.090(a)(2). Daisy's Trustee has made no such showing with respect to the derivative action. Since the officers and directors are apparently willing to settle the class action with the insurance proceeds and face the derivative action "naked," the derivative action may well be without merit. Without evidence of the derivative action's validity, this court cannot justifiably require the insurers to transfer the insurance proceeds to the Trustee.

■ Similarly, the Trustee has advanced no reason why the ordinary litigation process cannot effectuate a fair distribution of the insurance proceeds. The insurers are under a duty to fairly evaluate claims brought against the insurance proceeds. Additionally, the parties must secure this court's approval of any settlement agreement they reach. Daisy's Trustee and Mr. Coehlo may raise their objections at that time if they so wish. Finally, even if all of the proceeds are used to settle the class action, the defendants may have enough wealth of their own to satisfy a judgment in the derivative action.

For the foregoing reasons, Daisy's Trustee's motions for an order establishing a procedure for liquidating claims against the insurance policies and for a preliminary injunction are DENIED.

IT IS SO ORDERED.