In re Brian K. JOHNSON, Daphne H. Johnson, Debtors.

Brian K. JOHNSON and Daphne H. Johnson, Movants,

v.

USAIR FEDERAL CREDIT UNION, Respondents.

Bankruptcy No. B–92–14866 C–13W.

United States Bankruptcy Court, M.D. North Carolina, Greensboro Division.

Dec. 22, 1993.

Stephen D. Ling, Ling & Farran, Greensboro, NC, for debtors.

Mr. Samuel J. Pasquarelli, Sherrard, German & Kelly, P.C., Pittsburgh, PA, for USAir Federal Credit Union.

## MEMORANDUM OPINION

JERRY G. TART, Bankruptcy Judge.

The issue in this case is whether proceeds from a credit disability insurance policy are property of the estate of a bankrupt debtor, or are the property of the creditor beneficiary of that policy. This court holds that the proceeds are not property of the estate, and thus belong to the creditor beneficiary.

The debtors brought this motion for compensatory and punitive damages against USAir Federal Credit Union ("USAir"). The debtors allege conversion of property of the estate. The facts underlying the motion are not in dispute. The debtors filed Chapter 13 December 22, 1992. In their petition, the debtors listed USAir as an unsecured creditor for $10,000. Prior to the filing, the female debtor obtained a loan from USAir, and contemporaneously purchased credit disability insurance from CUNA Mutual Insurance Society ("CUNA"). The insurance policy named USAir as the primary beneficiary.[1]

On October 31, 1991, the female debtor became disabled and soon thereafter filed a claim for disability benefits with CUNA. The claim was approved, and benefits were paid. In October, 1992, however, CUNA suspended benefits while it investigated the female debtor's disability. The continuing disability was confirmed, and on May 10, 1993, CUNA sent USAir a check for $1,848.96 for accrued benefits. USAir deposited those funds in its own account, and credited the amount received to the female debtor's loan balance.

The debtor seeks to have the proceeds received by USAir declared to be property of the estate under 11 U.S.C. § 541, and to impose sanctions on USAir for the wrongful conversion of these funds. USAir takes the position that, as the beneficiary under the policy, USAir had a right to the funds which were neither property of the female debtor nor the debtors' estate. At the hearing on the motion, the attorneys for the debtors and USAir represented to this court that their research had not produced any cases on this particular issue, and that the motion presented a novel question of law. This court, however, was able to find a paucity of cases related to the subject.

The Fifth Circuit, in *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (1987), addressed whether proceeds from liability policies, which belonged to the bankrupt corporation's estate but named the corporation's directors as beneficiaries, were part of the bankrupt's estate. The court held that the proceeds were not property of the estate. *Id.* at 1400. The court noted that, while the scope of "property of the estate" under § 541 is very broad,[2] " 'the estate's legal and equitable interests in property rise no higher than those of the debtor.' " *Id.* at 1399 (quoting *In re Gagnon*, 26 B.R. 926, 928 (Bankr.M.D.Pa.1983)). The Fifth Circuit drew a "distinction between owning a policy and owning the proceeds." *Id.* at 1400 ("The question is not who owns the policies, but who owns the ... proceeds.").

The Third Circuit in *First Fidelity Bank v. McAteer*, 985 F.2d 114 (1993), agreed with the distinction the Fifth Circuit made between having an ownership interest in an insurance policy, and having an ownership interest in the proceeds from that policy. *See also In re Carl Goodenow*, 157 B.R. 724 (Bankr.D.Me.1993) ("[A] distinction must be made between the Policy itself and the proceeds payable thereunder, as ownership of one does not necessarily entail ownership of the other."). The Third Circuit held that proceeds from a credit life insurance policy

---

1. The policy provides: "Benefits are paid to your Credit Union to pay off or reduce your loan. If the benefits are more than the amount needed to pay off your Loan Balance, the difference will be paid to you if you are living or the Beneficiary named by you, if any, or to your estate." CUNA Mutual Insurance Society, Certificate of Insurance—Credit Disability.

2. Section 541(d) provides that, "Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under ... this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. 541(d).

were property of the creditor beneficiary of the policy, and not property of the estate. *McAteer* 985 F.2d at 118–119. The court found that "[o]wnership of a life insurance policy ... does not necessarily entail ownership of the proceeds of that policy." *Id.* at 117. The court stated further that, "if the owner of a life insurance policy did not have an interest in its proceeds, the filing of the petition in bankruptcy cannot create one." *Id.* The court went on to say that the "estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent. *Id.* (citing *In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1401 (5th Cir.1987)).

This court finds no reason to depart from the sound reasoning of the Third and Fifth Circuits.[3] The female debtor bought a policy which named USAir as the beneficiary. But for the filing of this bankruptcy, there would be no question who had a right to the proceeds rightfully paid to USAir as beneficiary of that policy. This court will not elevate the rights of the female debtor to create an interest in an insurance policy that would not exist but for the bankruptcy filing.

An order consistent with this opinion will be entered contemporaneously herewith.

### ORDER

Pursuant to the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that the relief sought by the debtor is hereby denied and judgment is entered for the respondents.

---

**3.** The United States District Court for the District of New Jersey, in *First Fidelity Bank v. Behr,* 1991 WL 195767 (1991), held that the proceeds from a credit life and disability policy were property of the estate. That court, however, failed to distinguish between ownership of the policy and ownership of the proceeds. Instead, the court relied on the extensive authority which has held insurance *policies* to be property of the estate. The Third Circuit specifically noted this case in *First Fidelity Bank v. McAteer,* 985 F.2d 114 (1993), and refused to follow it. This court also refuses to follow the New Jersey District Court's reasoning.