42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity and in its capacity as receiver for
Alliance Bank, Plaintiff-Appellee,
v.
Nancy J. KELLER, aka Nancy Talbot, Defendant-Appellee,
Kenneth W. Battley, Defendant-Appellant, and
Russell H. Keller, Defendant-Appellee.
 No. 93-35673.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1994.*
Withdrawn from Submission Aug. 5, 1994.
Resubmitted Sept. 19, 1994.
Decided Nov. 15, 1994.
 
 Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Federal Deposit Insurance Corporation ("FDIC") filed a bankruptcy court action against Nancy and Russell Keller and bankruptcy trustee Kenneth Battley ("Trustee"), alleging that the Kellers used fraudulent conveyances to hinder the FDIC's collection efforts against Simpson Sausage Company. The action was referred to the district court following the FDIC's request for a jury trial. The district court entered a preliminary injunction prohibiting the Kellers from disposing of money Simpson Sausage received in a products liability settlement (the "Simpson Sausage dividend"). The district court later modified the preliminary injunction to allow the Kellers to pay attorney fees from the Simpson Sausage dividend, and the Trustee appealed under 28 U.S.C. Sec. 1292(a)(1).
 
 
 3
 I. The district court had jurisdiction to amend the preliminary injunction and award attorney fees
 
 
 4
 The Trustee argues that because a fee application is a core bankruptcy proceeding, only the bankruptcy court could allow payment of fees pursuant to a proper application under 11 U.S.C. Secs. 329 and 330.
 
 
 5
 The district court has the option of retaking jurisdiction over civil proceedings initially referred to the bankruptcy court. In re Daisy Sys. Sec. Litig., 132 B.R. 752, 754 (N.D.Cal.1991). After the withdrawal of the reference to the bankruptcy court, the district court has the authority to determine both core and noncore issues when, as here, there is a right to jury trial, see Ameritel Corp. v. Isotec Communications, Inc., 109 B.R. 965, 967-68 (D.Or.1990), or the case requires consideration of a federal statute not in the bankruptcy code regulating an organization affecting interstate commerce. 28 U.S.C. Sec. 157(d); In re Daisy Sys., 132 B.R. at 754-55. We find the district court had the authority to release some funds to pay attorney fees. See In re THC Fin. Corp., 837 F.2d 389, 392 (9th Cir.1988) (approving district court's refusal to pay fees to attorney in bankruptcy case); In re Spillane, 884 F.2d 642, 645 (1st Cir.1989) (approving district court's award of fees under Sec. 330).
 
 
 6
 II. An interim award of fees is not reviewable
 
 
 7
 The Trustee also challenges the procedure used by the district court in allowing the payment of fees. He does not dispute that Russell's attorney filed a statement with the bankruptcy court as required by Sec. 329. Instead, he claims that the district court did not provide the notice and hearing required under Sec. 330(a). He argues that all of Russell's creditors should have been given notice before the court allowed any payment of fees.
 
 
 8
 We decline to review the procedure used by the district court, because the fee payment resulting from the unfreezing of the Simpson Sausage dividend was not a final fee payment under Sec. 330 but an interim award of fees. The district court made clear at oral argument on the modification of the preliminary injunction that it was awarding fees on an interim basis. The court was aware that when the merits of the case had been decided and the final fees paid, the fees might be subject to disgorgement by motion under Sec. 330.
 
 
 9
 The modification of the preliminary injunction is in effect an interim award of fees under 11 U.S.C. Sec. 331, which provides
 
 
 10
 A ... debtor's attorney ... may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.
 
 
 11
 11 U.S.C. Sec. 331 (1988). Such an award of interim compensation is not appealable as a final order. In re Four Seas Center, Ltd., 754 F.2d 1416, 1418-19 (9th Cir.1985) (interim award of fees by bankruptcy court not appealable); In re Yermakov, 718 F.2d 1465, 1469 (9th Cir.1983) (Sec. 331 award is reviewable by court of appeals only if attorneys are discharged from representation and cannot file future applications); In re Boddy, 950 F.2d 334, 336 (6th Cir.1991) (interim awards under Sec. 331 generally not subject to appellate review). The district court's order provides that the Kellers' attorneys shall submit monthly records to the court of the fees paid. On its review of the records, the court could disallow fees it believed were inappropriate, and it appears to have declined at least once to release additional funds for fees where no accounting was received. When the final fee award is made, then the Trustee may file for the return of payments made to the Kellers' attorney. See In re Investment Bankers, Inc., 4 F.3d 1556, 1565-66 (10th Cir.1993) (disgorgement of fees is available where attorney did not make complete disclosure under Sec. 329), cert. denied, 114 S.Ct. 1061 (1994); In re Scoggins, 142 B.R. 940, 943 (Bankr.D.Or.1992) (review of fees may require disgorgement of interim payments).
 
 
 12
 We thus decline to review the allowance of interim fees in this case, even though it comes in the guise of a modification of a preliminary injunction, which is generally appealable under 28 U.S.C. Sec. 1292(a)(1). It would make little sense to refuse to review an interim fee award granted under Sec. 331 and yet agree to review an identical award because, under the circumstances of the individual case, the interim fee allowance required the modification of a preliminary injunction. The rule allowing interlocutory appeals need not be applied mechanically. See Polymer Tech. Corp. v. Mimran, 975 F.2d 58, 64 (2d Cir.1992) (interim fee award is not injunction subject to appeal); New Jersey State Nurses Ass'n v. Treacy, 834 F.2d 67, 69 (3d Cir.1987) (refusing "to treat automatically as injunctive those orders that are labelled as such"); Hastings v. Maine-Endwell Cent. Sch. Dist., 676 F.2d 893, 896 (2d Cir.1982) (even if injunction and interim attorney fees were granted as parts of same order, "fees award would not properly have been regarded as part of the injunction, for the two are independent of each other").
 
 CONCLUSION
 
 13
 We find that the district court had jurisdiction to release from the frozen funds amounts to be used for payment of attorney fees, and that the interim fee award by the district court is not subject to appeal.
 
 
 14
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3